IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02900-JLK-KLM

CONTINENTAL MATERIALS CORPORATION,

    Plaintiff,

v.

AFFILIATED FM INSURANCE COMPANY,

    Defendant.

_____

## ORDER
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Plaintiff's **Motion to Reconsider and Modify Discovery Deadlines** [Docket No. 45; Filed January 31, 2012] (the "Motion to Reconsider"). On February 3, 2012, Defendant filed a Response [#46]. On February 6, 2012, Defendant filed a Reply [#47]. The Motion to Reconsider is thus ripe for review.

This matter pertains to Plaintiff's insurance claim for property damage sustained in connection with a landslide at its limestone quarry in Colorado Springs. *See Am. Compl.* [#18]. On January 19, 2012, Defendant filed an opposed Motion to Modify Deadlines Set Forth in the Stipulated Scheduling and Discovery Order [#42] (the "Motion to Amend"). In that motion, Defendant timely requested a three-month extension of the remaining deadlines and settings in this case. For good cause shown, the Court granted the motion on January 22, 2012. *Minute Order* [#44].

Plaintiff here seeks reconsideration of the Court's Minute Order granting Defendant's

-1-

Motion to Amend. *Motion to Reconsider* [#45]. Plaintiff "does not oppose a short extension of [Defendant's] expert disclosure deadline," but it does not agree that the requested three-month extension is warranted and particularly opposes a delay of the final pre-trial conference." *Id.* at 6.  Plaintiff further seeks clarification of the Minute Order to reflect that, absent extraordinary circumstances, further extensions of time will not be permitted.  In its instant Motion, Plaintiff argues that Defendant provided no appropriate reasons for extending the deadlines in this matter: 1) Plaintiff "did not present new theories in its expert reports;" 2) Defendant "was not diligent in obtaining its expert analysis;" 3) other laboratories were available for Defendant to use to retest its samples; 4) Defendant "had sufficient time to review documents produced by" Plaintiff; and 5) Defendant "never attempted to take a deposition."  *See id.* at 2-6.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following:  "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*

First, Plaintiff presents no argument in either its Motion to Reconsider [#45] or its Reply [#47] regarding "an intervening change in the controlling law."  *Brumark Corp.* 57 F.3d at 944.  Second, Plaintiff provides *some* evidence that Defendant could have been more diligent in its discovery conduct, but this evidence does not demonstrate that the

Court erred in granting Defendant's request to extend deadlines set in this matter.  *See id.*; *see also Ex. A to Reply* [#47-1] (Pazdera Letter, dated Jan. 6, 2009); *Ex. B to Reply* [#47-2] (B. Slayter Letter, dated Feb. 9, 2009).  Third, Plaintiff has shown neither that the Court has made a "clear error" nor that the Court's previous Minute Order must be modified to "prevent manifest injustice."   *Brumark Corp.* 57 F.3d at 944; *see also Reply* [#47] (generically arguing that Plaintiff will be prejudiced by extending the deadlines in this matter without providing any specific ways in which Plaintiff would actually be prejudiced).

Finally, Plaintiff seeks clarification of the Minute Order to reflect that further extensions of time will not be permitted absent extraordinary circumstances.  This request is reasonable under the circumstances.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**.  The Minute Order dated January 22, 2012 [#44] is amended to add that no further extensions of time will be granted absent extraordinary circumstances.  In all other respects, the Motion is **DENIED**.

Dated:  March 8, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge