IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02900-JLK-KLM

CONTINENTAL MATERIALS CORPORATION,

    Plaintiff,

v.

AFFILIATED FM INSURANCE COMPANY,

    Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Stipulated Motion to Extend Deadline for Expert Witness Depositions and Deadlines for Response and Reply Briefs to Defendant's Motion for Summary Judgment** [Docket No. 75; Filed June 19, 2012] (the "Motion to Extend") and Defendant's opposed **Motion to Strike Late-filed Expert Disclosure and for Sanctions** [Docket No. 76; Filed June 19, 2012] (the "Motion to Strike").

    IT IS HEREBY **ORDERED** that the Motion to Extend [#75] is **GRANTED**. Accordingly,

    IT IS FURTHER **ORDERED** that the Stipulated Scheduling and Discovery Order entered on March 11, 2011 [#14], as amended on July 12, 2011 [#23], September 13, 2011 [#31], October 25, 2011 [#38], January 5, 2012 [#41], January 22, 2012 [#44], and June 7, 2012 [#73] is further modified to reflect the following new deadline:

- Deadline for Completion of Expert Discovery      **July 3, 2012**

The deadline is extended for the sole purpose of permitting the parties to complete expert depositions.

    IT IS FURTHER **ORDERED** that Plaintiff shall file a Response to Defendant's Motion for Summary Judgment [#74] **on or before July 13, 2012**. Defendant shall file a Reply **on or before July 31, 2012**.

Turning to the Motion to Strike [#76], Defendant represents that Plaintiff opposes the requested relief. Pursuant to the Minute Order [#15] issued on March 14, 2011, the Motion is premature. The Minute Order provides as follows:

> No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. The parties shall initiate a conference call and then, once all parties are on the line, dial the Court at 303-335-2770. **Both of these steps must be completed before any contested discovery motions are filed with the Court**.

*Minute Order* [#15] at 1. Defendant has not arranged a conference call to set a hearing regarding the instant discovery dispute. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Strike [#76] is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that neither party shall file a contested discovery motion until after complying with the steps for following the Magistrate Judge's discovery dispute procedure, as stated below:

> *Step 1*: Counsel meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1A. Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.
>
> *Step 2*: If discovery disputes are not resolved, counsel then agree on a mutually convenient time to call the Court at (303) 335-2770 for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement.
>
> No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.
>
> The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and

time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

*Step 3*: When counsel call the Court for the discovery hearing, the judge's law clerks will ask counsel questions relating to the nature of the dispute. The law clerks will consult with the judge as necessary. If the judge determines that any documents are required for review prior to the hearing, counsel will be instructed to email such documents to the Court's chambers, and the hearing will be set at a mutually convenient date and time in the future.

*Step 4*: If no documents are necessary for review and the judge is immediately available, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

Dated:  June 21, 2012