IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02900-JLK-KLM

CONTINENTAL MATERIALS CORPORATION,

   Plaintiff,

v.

AFFILIATED FM INSURANCE COMPANY,

   Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's oral **Motion to Compel Responses to Plaintiff's Interrogatory No. 9 and Request for Production No. 39** (the "Motion"). On July 19, 2012, the Court held a hearing on the Motion and ordered Defendant to provide certain documents to the Court for an *in camera* inspection no later than July 26, 2012, which Defendant timely did.[1]  *See Minute Entry* [#87] at 1. The Motion is thus ripe for review.

This matter pertains to Plaintiff's insurance claim for property damage sustained in connection with a landslide at its limestone quarry in Colorado Springs. *See Am. Compl.* [#18]. The two written discovery requests at issue are Plaintiff's Interrogatory No. 9 and Plaintiff's Request for Production ("RFP") No. 39, each submitted to Defendant on June 13,

---

[1] The Court notes that Defendant only submitted hard copies to Chambers and thus failed to follow its instruction that these documents should be filed on the electronic docket pursuant to D.C.COLO.LCivR 7.2 at a Level 3 access level, which limits access to the Court.

2011.

Interrogatory No. 9 states: "If You have conferred with, discussed, corresponded or otherwise communicated with Your reinsurers regarding Continental's claim or the Lawsuit, please identify each reinsurer and describe the substance of each such conference, discussion, correspondence or communication." Defendant responded: "No reinsurance exists for this loss and thus reinsurance is irrelevant to this litigation. Information regarding reinsurance would be provided in Affiliated FM's files; such information has been redacted as set forth in the privilege logs that Defendant has provided to Plaintiff previously."

RFP No. 39 seeks: "All documents that reflect communications between You and Your reinsurers that relate in any way to Continental's claim or this Lawsuit." Defendant responded: "Objection. This seeks irrelevant information, as no reinsurance exists for this loss. Information regarding reinsurance would be provided in Affiliated FM's files; such information has been redacted as set forth in the privilege logs that Defendant has provided to Plaintiff previously."

The specific documents sought by Plaintiff in this dispute have been Bates-numbered 23, 24, and 26 by Defendant. Defendant listed the documents in its privilege log as "Irrelevant" and "Confidential." All three of these documents were submitted to the Court for *in camera* review. Bates Nos. 23 and 24 are documents dated December 10, 2008, and Bates No. 26 is a document dated December 8, 2008. Defendant stated that Bates No. 23 represented the document storage location of reinsurance information for the insurance claim at issue. Bates Nos. 24 and 26 were sent from Elisa Yaeger ("Yaeger"), an insurance underwriter for Defendant, to other employees of Defendant. Defendant states that Bates Nos. 24 and 26 represent that for the loss at issue in this lawsuit, there is no reinsurance.

At the hearing, Defendant argued that there was no reinsurance for this period, and thus that these documents are irrelevant. Defendant stated that near the end of each insurance period, it would usually issue a new policy, i.e., a new contract. Defendant stated that for some policy periods the customer—i.e., Plaintiff—was reinsured and in some policy periods the customer was not, but the policy at issue in this case was not reinsured, and that no reinsurance communications or documents apply to the particular policy at issue.

Based on this record and its *in camera* review of the underlying documents, the Court finds that the documents at issue are relevant but not responsive to the written discovery requests. The definition of relevance is broadly construed for purposes of seeking discovery. *See generally Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson*, 220 F.R.D. at 359 (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). Here, the issue of whether Defendant had reinsurance in connection with Plaintiff's insurance policy at issue

is clearly relevant to the subject matter of this lawsuit.

However, in the Motion based on its written discovery requests, Plaintiff seeks information relating to communications and documents exchanged between Defendant and any reinsurer. The documents submitted for *in camera* review are internal documents between one of Defendant's own underwriters, Yaeger, and other employees of Defendant. These documents were not sought by the explicit language of Plaintiff's Interrogatory No. 9 ("If You have conferred with, discussed, corresponded or otherwise communicated with Your reinsurers regarding Continental's claim or the Lawsuit, please identify each reinsurer and describe the substance of each such conference, discussion, correspondence or communication.") or RFP No. 39 ("All documents that reflect communications between You and Your reinsurers that relate in any way to Continental's claim or this Lawsuit."). Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's oral Motion concerning Plaintiff's Interrogatory No. 9 and Request for Production No. 39 is **DENIED**.

Dated: July 30, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge