IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02900-JLK-KLM

CONTINENTAL MATERIALS CORPORATION,

Plaintiff,

v.

AFFILIATED FM INSURANCE COMPANY,

Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike Plaintiff's**

**Evidence in Support of its Opposition to Affiliated FM's Summary Judgment Motion**

[Docket No. 94; Filed August 7, 2012] (the "Motion").  On August 31, 2012, Plaintiff filed a

Response [#101].  On September 17, 2012, Defendant filed a Reply [#106].  The Motion

is thus ripe for review.  For the reasons set forth below, the Motion [#94] is **granted in part,**

**denied in part, and denied without prejudice in part**.

In the Motion, Defendant seeks: 1) to strike the Declaration of Rene Starry ("Starry")

[#85-1] because it contains inadmissible hearsay; 2) to strike the Supplemental Declaration

of Joseph Sum ("Sum") [#60-4] and the affidavit of Ronda Larson ("Larson") [#60-10]

because they lack proper foundation and contain inadmissible conclusory allegations; 3)

to strike evidence submitted by Plaintiff in dispute of the Findings of Fact and Conclusions

of Law of the Mined Land Reclamation Board ("MLRB") [#55-14] (the "Board Order"); 4) to

strike documents titled Mining and Basic Metals—Requirement, 875-R-F (at AFM 001575-001576) ("FM Global Mining Form") [#66-12], Example of Land Exclusion Provision ("FM Global Land Exclusion") [#66-13], and Property Values Article [#66-9] because they purportedly are not authentic, contain hearsay, and are irrelevant; and 5) to strike evidence of other insurance claims based on lack of relevance. *Motion* [#94] at 2-11.  The Court addresses each argument in turn.[1]

## A.      Declaration of Ms. Starry

Plaintiff filed Ms. Starry's declaration [#85-1] in support of its Response [#85] in opposition to Defendant's pending Motion for Summary Judgment [#74].  Ms. Starry is a paralegal with Perkins Coie LLP, one of the law firms representing Plaintiff.  *Decl. of Starry* [#85-1] ¶ 1.  In her declaration, she states that on July 6, 2012, she spoke with Jeanine Lewis ("Lewis") of the Pikes Peak Regional Building Department in El Paso County, Colorado, who informed Ms. Starry that "the address of 7350 Pikeview Quarry Road, El Paso County, Colorado 80919, was issued pursuant to the Building Permit Number B52860 dated May 8, 1991, with a description of the Project being 'Enclosed Cover at Truck Garage.'" *Id.* ¶¶ 3-4.

Defendant seeks to strike the entire declaration because it purportedly contains inadmissible hearsay.  *Motion* [#94] at 2.  However, Defendant only specifies one portion of the declaration that it asserts is inadmissible hearsay, *i.e.*, the quoted passage above *Id.*  Hearsay is a statement the declarant does not make while testifying which is offered in evidence to prove the truth of the matter asserted in the statement.  Fed. R. Evid. 801(c).

---

[1]  The Court notes that these rulings do not address the admissibility of the evidence *at trial*.

Defendant argues that the statement quoted above is repetition of an out-of-court statement by Ms. Lewis to Ms. Starry which is offered by Plaintiff to establish the truth of the matter stated therein.  *Motion* [#94] at 2.

Plaintiff responds that the principal purpose of the statement is to introduce the building permit attached as Exhibit A.  *Response* [#101] at 3.  Plaintiff states that it does not intend to rely on Ms. Lewis's statement, and that Exhibit A is admissible on its own as a public record pursuant to the hearsay exception of Fed. R. Evid. 803(8).[2]  Plaintiff does not contest that the portion of Ms. Starry's declaration repeating Ms. Lewis's statement is hearsay.  The Court therefore finds that Plaintiff has conceded Defendant's argument on this point.  *See, e.g.*, *Parker v. Bd. of County Comm'rs of Shawnee Cnty., Kan.*, No. 01-2533-CM, 2002 WL 31527763, at *1 (D. Kan. Nov. 5, 2002).

Accordingly, the Court **grants** Defendant's Motion with respect to Ms. Starry's declaration and **strikes** the first sentence of paragraph 4 ("Ms. Lewis informed me that the address of 7350 Pikeview Quarry Road, El Paso County, Colorado 80919, was issued pursuant to the Building Permit Number B52860 dated May 8, 1991, with a description of the Project being 'Enclose Cover at Truck Garage.'").

**B.      Supplemental Declaration of Mr. Sum and Declaration of Ms. Larson**

Plaintiff originally filed Mr. Sum's supplemental declaration [#60-4] and Ms. Larson's declaration [#60-10] in support of its Response [#60] in opposition to Defendant's Motion

---

[2] The Response and the Reply both devolve into discussion of whether the Building Permit attached to the declaration as Exhibit A is admissible.  *Response* [#101] at 3-5; *Reply* [#106] at 2-3. However, because the original Motion does not present any argument seeking to strike Exhibit A, discussion by the parties of its admissibility is superfluous, and the Court declines to rule on that subject.

for Leave to File Amended Answer [#56]. However, Plaintiff also incorporated these declarations in its opposition to Defendant's pending Motion for Summary Judgment [#74]. *See Response to MSJ* [#85] at 19 & n.1.

### 1.    Mr. Sum

Mr. Sum is Plaintiff's Chief Financial Officer, who has worked for the company since 1975. *Supplemental Decl. of Sum* [#60-4] ¶ 2. The statements presented by Mr. Sum were purportedly asserted to demonstrate that the address of 7250 Allegheny Drive includes the 90-acre parcel of land with the address of 7350 Pikeview Quarry Road. *Motion* [#94] at 3-4. Without any specificity, Defendant argues that Mr. Sum's declaration "provide[s] no foundation for the statements and constitute[s] conclusory assertions, which do not constitute competent evidence for summary judgment consideration." *Id.* at 4. Plaintiff, understandably confused by Defendant's general statement as to the entire declaration, speculated that Defendant was contending that paragraphs 4-8 and 10 should be stricken. *Response* [#101] at 7. In the Reply, Defendant specified for the first time that it was referring to paragraphs 5-10 of Mr. Sum's supplemental declaration. *Reply* [#106] at 3. Defendant's broad, lackadaisical approach is unacceptable, in that it creates uncertainty in the litigation as well as work for the opposing party and the Court which could easily be avoided. Because Defendant did not raise objections to any specific paragraphs of Mr. Sum's declaration until filing its Reply, the Court considers only the arguments pertaining to the paragraphs addressed by both parties, *i.e.*, paragraphs 5-8 and 10.

Defendant argues that paragraph 5 is a conclusory statement. *Reply* [#106] at 3. A conclusory statement is one based merely on conjecture, speculation, or subjective belief. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Paragraph 5

states: "The 7250 Allegheny Drive address properly references both the quarry itself and the office building."  *Supplemental Decl. of Sum* [#60-4] ¶ 5.  Plaintiff argues that this statement is not conclusory because it is supported by the facts set forth in paragraphs 6-8 and 10.  *Response* [#101] at 7.  The statements in these paragraphs are as follows:

> 6.      Government agencies such as Mine Safety and Health Administration and Colorado Division of Mining and Safety use the 7250 Allegheny address to reference both the quarry and the office building.

> 7.      Continental, Transit Mix Co. and Castle Concrete Co. have always used the address of 7250 Allegheny Drive and have never used 0 Pikeview Quarry Road as the address for the quarry itself.

> 8.      On those occasions when it is necessary to give directions to an independent trucker who needs to pick up material at the quarry, the Transit Mix Co. dispatcher will use the 7250 Allegheny address.  This address is also the delivery address for any operating supplies, repair parts, etc. that are delivered to the quarry.   Also, the 7250 Allegheny address is used to reference the entire site, including the quarry itself, in financial documents and was most recently used for such a reference in a credit agreement with a lender.

> 10.     The Pikeview Quarry is referenced as 7250 Allegheny Drive on [the first-party property insurance policy between Defendant and Plaintiff] as a covered location.   I understood this reference to include the entire site, including the quarry itself, and to my knowledge others at Continental shared that understanding.

*Supplemental Decl. of Sum* [#60-4] ¶¶ 6-8, 10.  Defendant argues that these paragraphs contain generalized claims without establishing a foundation for such claims.  *Reply* [#106] at 3.

Mr. Sum asserts that, having worked for the company since 1975, most currently as the Chief Financial Officer, he has personal knowledge of the facts stated in his declaration. *Supplemental Decl. of Sum* [#60-4] ¶ 1.  Although paragraph 5 on its own is conclusory and contains a conclusion of fact, Mr. Sum appropriately supports his belief in this statement

with the information provided in paragraphs 6-8 and 10.  Defendant proffers no reason why

the asserted facts could not be within Mr. Sum's personal knowledge as a long-term

employee and high-ranking officer of Continental, and indeed it is logical that he would

have such knowledge.  Mr. Sum has provided more than a generalized, unsupported

conclusory set of statements.  The Court therefore finds that Mr. Sum's statements are not

"based merely on conjecture, speculation, or subjective belief."  *See Bones*, 366 F.3d at

875.  Accordingly, the Court **denies** Defendant's request to strike any portion of Mr. Sum's

supplemental declaration [#60-4].

### 2.  Ms. Larson

Ms. Larson was the Safety Director for Transit Mix Concrete Company, a wholly-

owned subsidiary of Plaintiff, between August 2006 and January 2011.  *Decl. of Larson*

[#60-10] ¶ 2.  As with Mr. Sum, the statements presented by Ms. Larson were purportedly

asserted to demonstrate that the address of 7250 Allegheny Drive includes the 90-acre

parcel of land with the address of 7350 Pikeview Quarry Road.  *Motion* [#94] at 3-4.  Again

without supplying the least amount of specificity, Defendant argues that Ms. Larson's

declaration "provide[s] no foundation for the statements and constitute[s] conclusory

assertions, which do not constitute competent evidence for summary judgment

consideration."  *Id.* at 4.  Plaintiff again was left to guess which paragraphs Defendant was

seeking to strike, but based on Defendant's general statement assumed that Defendant

was referring to paragraphs 4 and 9.  *Response* [#101] at 5.  In its Reply, Defendant

specified for the first time that it was referring to paragraphs 3 and 9 of Ms. Larson's

declaration.  *Reply* [#106] at 4-5.  As previously noted, because Defendant did not object

to any specific paragraphs of Ms. Larson's declaration until it filed its Reply, the Court

considers only the argument pertaining to the paragraph addressed by both parties, *i.e.*,

paragraph 9.

> Paragraph 9 states:
>
> I filed numerous reports to state and federal agencies regarding the Pikeview Quarry. All of these reports show the address as 7250 Allegheny Road, which is the point where a locked gate to the access road to the quarry and the buildings ("Pikeview Quarry Road") intersects Allegheny Drive, the nearest public street. All the government agencies with which I dealt accepted 7250 Allegheny Road as the address for the Pikeview Quarry buildings and quarry itself.

*Decl. of Larson* [#60-10] ¶ 9. Defendant argues that the last sentence of the paragraph is

an improper inference and not a statement of fact. *Reply* [#106] at 5. Plaintiff argues that

the sentence merely means that Ms. Larson and governmental agencies all "accepted and

used" the Allegheny address for both the quarry and its buildings. *Response* [#101] at 4.

Ms. Larson asserts that she has personal knowledge of the facts stated in her

declaration. *Decl. of Larson* [#60-10] ¶ 1. Although, as Plaintiff asserts, Ms. Larson may

know that government agencies "used" the Allegheny address, the assertion that

government agencies "accepted" the Allegheny address as the true address for both the

quarry and its buildings is speculation on the part of Ms. Larson. She may have good

reason to make this inference, but, in the absence of further evidence, the statement made

in her affidavit attributes to the government agencies a state of mind which is mere

conjecture on Ms. Larson's part. The Court therefore finds that Ms. Larson has provided

a conclusory statement based on "conjecture, speculation, or subjective belief." *See*

*Bones*, 366 F.3d at 875. Accordingly, the Court **denies** Defendant's request to strike the

entirety of Ms. Larson's declaration [#60-10] but **grants** the request with respect to the last

sentence of paragraph 9.  The Court therefore **strikes** the last sentence of paragraph 9

("All the government agencies with which I dealt accepted 7250 Allegheny Road as the

address for the Pikeview Quarry buildings and quarry itself.").

## C.      Evidence Disputing MLRB's Determination

On May 13, 2009, the MLRB held a formal hearing on whether Plaintiff's mining

activities violated the reclamation plan that was in place prior to the accident at the quarry.

*See Board Order* [#55-14].   The MLRB subsequently issued the Board Order, which

Defendant now avers that Plaintiff is attempting to dispute.  *Motion* [#94] at 5.  Defendant

argues that Plaintiff is collaterally estopped from disputing the findings of fact and

conclusions of law made by the MLRB in the Board Order.  *Id.*  Plaintiff responds that it is

not estopped from disputing the Board Order but that, regardless, such a dispute is

irrelevant to the pending motions for summary judgment.   *Response* [#101] at 6.

Defendant seeks to have any evidence offered by Plaintiff which is contrary to the Board

Order stricken from the record.[3]  *Motion* [#94] at 4; *Reply* [#106] at 5.

Issue preclusion, or collateral estoppel, "bars 'successive litigation of an issue of fact

or law actually litigated and resolved in a valid court determination essential to the prior

judgment,' even if that issue recurs in the context of a different claim."  *Taylor v. Sturgell*,

553 U.S. 880, 892 (2008) (citation omitted).  This doctrine minimizes the possibility of

inconsistent decisions.  *Id.*  Collateral estoppel is "the effect of a judgment in foreclosing

relitigation of a matter that has been litigated and decided."  *Marrese v. Am. Acad. of*

---

[3] Defendant seeks to strike all or portions of Ex. 4, Wren Depo. [#85-4]; Ex. 5, Schnabel Depo. [#85-5]; Ex. 8, Exponent Report [#85-8]; and Ex. 12, Mined Land Reclamation Board Meeting [#85-10].  *See Plaintiff's Opposition to Defendant's Motion for Summary Judgment* [#85] at 8.

*Orthopaedic Surgeons*, 470 U.S. 373, 376 n.1 (1985).  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  In other words, "[w]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).

"In considering collateral estoppel, we must first determine whether to apply federal or state law."  *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992).  Here, Colorado state law controls because the ruling Defendant seeks to have enforced was entered in a Colorado state administrative proceeding.  *See id*; *see also Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (2001) ("Although originally developed in the context of judicial proceedings, issue preclusion is just as viable in administrative proceedings and may bind parties to an administrative agency's findings of fact or conclusions of law.").  In Colorado, collateral estoppel bars relitigation of an issue if:

> (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*In re Tonko*, 154 P.3d 397, 405 (Colo. 2007).  The party asserting estoppel has the burden of setting forth facts sufficient to satisfy the elements of collateral estoppel.  *Bebo Constr. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85 (Colo. 1999).

With regard to the fourth element, Colorado law is well-settled that in order for a party to have had a full and fair opportunity to litigate an issue, the "party against whom collateral estoppel is asserted . . . [must have] had the same incentive to vigorously defend itself in the previous action." *Sunny Acres Villa*, 25 P.3d at 47.  Where a party's exposure to liability is substantially less at a prior proceeding, either in terms of potential monetary awards or differences in the finality of judgment, the party necessarily lacked the same incentive to vigorously defend itself.  *Id.* at 47-48 (collecting cases).  The Colorado Supreme Court has explicitly repudiated the idea that collateral estoppel should always be used in connection with decisions made in administrative decisions: "Although the incentive to vigorously defend might be artificially created by the operation of collateral estoppel principles, augmenting a party's incentive to litigate in the first instance would undermine the very purpose behind permitting temporary orders or expedited and inexpensive adjudication of smaller claims in a number of contexts."  *Id.* at 48.

These considerations apply equally to the adjudication of issues by the MLRB.  In such actions, civil penalties are limited to statutorily prescribed amounts and may only be imposed based on the occurrence of certain statutorily prescribed events.  *See* C.R.S. 34-32.5-124(7) ("A person who violates any provision of a permit issued under this article shall be subject to a civil penalty of not less than one hundred dollars per day nor more than one thousand dollars per day for each day during which such violation occurs."); C.R.S. § 34-32.5-116 (listing the duties of mine operators).  The application of collateral estoppel to matters initially addressed in an MLRB hearing would likely compel companies to vigorously contest initial determinations on small civil penalties and other beneficial

corrective actions,[4] thereby promoting litigation and unduly delaying resolution of these matters. *See Sunny Acres Villa*, 25 P.3d at 48. If collateral estoppel were applicable to the factual findings made during MLRB proceedings, the underlying policies of the MLRB, which involve narrow issues of law and limited remedies, would be severely undermined. *See id.* at 48-49.

In the MLRB proceeding at issue here, Plaintiff was subject to a maximum monetary penalty of $42,000 pursuant to C.R.S. § 34-32.5-124(7). *Board Order* [#55-14] at 7. The MLRB fined Plaintiff $4200, all but $1000 of which was suspended if Plaintiff complied with various specified corrective actions. *Id. at 8.* Because Plaintiff risks a substantially greater amount here than in the proceeding before the MLRB, Plaintiff did not have the same incentive to vigorously litigate issues there as it does here. *See Response* [#101] at 9-10. The Court therefore finds that Colorado law disfavors the application of collateral estoppel to the MLRB's findings of fact and conclusions of law under the limited circumstances of this case. Accordingly, the Court **denies** Defendant's request to strike Plaintiff's exhibits [#85-4, #85-5, #85-8, #85-10] submitted to dispute the Board Order.

## D.    FM Global Documents and Property Values Article

Plaintiff originally filed the FM Global Mining Form [#66-12], the FM Global Land Exclusion document [#66-13], and the Property Values Article [#66-9] in support of its Reply

---

[4] For example, in the present matter, the MLRB ordered Plaintiff to "provide an amendment to the permit to revise the mining and reclamation plan . . . [addressing] stabilization of the quarry and [to] provide a detailed reclamation plan that will meet the performance standards of the Construction Materials statutes and regulations." *Board Order* [#55-14] at 8. These sorts of non-monetary penalties help to enforce the Mined Land Reclamation Act's intent of "foster[ing] the extraction of minerals, the reclamation of mined land, and the protection of human health, welfare, and the environment." *Colo. Min. Ass'n v. Bd. of Cnty. Com'rs of Summit Cnty.*, 199 P.3d 718, 726 (Colo. 2009) (citing C.R.S. § 34-32-102(1)).

[#66] to its Motion for Summary Judgment [#49].[5]  However, Plaintiff incorporated these documents in its opposition to Defendant's pending Motion for Summary Judgment [#74]. *See Response to MSJ* [#85] at 35-40.  In the present Motion, Defendant argues that these three documents are not properly authenticated, contain hearsay, and are irrelevant. *Motion* [#94] at 7.

With respect to authentication, Plaintiff notes in its Response that Defendant agreed that the two FM Global documents were authentic.  *Response* [#101] at 11.  It is unclear when Defendant made this alleged agreement, but, in its Reply, Defendant does not dispute this and does not renew an authentication objection to any document.  *See Reply* [#106] at 7-12.  The Court therefore finds that Defendant has conceded that these three documents are authentic.  Accordingly, the Court **denies** Defendant's request to strike the FM Global documents and the Property Values Article on that basis.

Turning to Defendant's hearsay arguments, neither Plaintiff nor Defendant discusses Defendant's inadmissible hearsay arguments in the Response or Reply.  In the Motion, Defendant conclusorily states: "Additionally, as it stands the FM Global documents are inadmissible hearsay under Fed. R. Evid. 801."  *Motion* [#94] at 8.  Defendant does not elaborate on this statement or provide any case authority in support of the argument. Examining the FM Global Mining Form [#66-12] and the FM Global Land Exclusion [#66-13], it is not immediately apparent to the Court that these two documents consist of or contain clearly inadmissible hearsay.  However, it is not the responsibility of the Court to examine the documents for hearsay where Defendant has failed to provide any argument

---

[5] The District Judge denied Plaintiff's Motion for Summary Judgment [#49] on September 25, 2012.  *See Order* [#109].

-12-

or direct the Court's attention to any specific portion of the record.  *See generally Stettler v. United States*, 994 F. Supp. 1364, 1366 (D. Utah 1996).  The Court therefore finds that Defendant's hearsay argument with respect to the FM Global documents fails.

As for the Property Values Article [#66-9], Defendant is slightly more specific in that it states: "Moreover, the Property Values Article includes an e-mail between Plaintiff and its insurance broker and the e-mail constitutes inadmissible hearsay." *Motion* [#94] at 9. Defendant does not elaborate any further on its argument.  As noted above, hearsay is a statement not made by the declarant while testifying at a current trial or hearing which is offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c).  Here, the statement meets the first prong of the analysis; the e-mail from Beth Kellar ("Kellar") is an out-of court statement.  However, there is nothing in Defendant's sparse argument to show that the e-mail is offered to prove the truth of the matter asserted in Ms. Kellar's statement.  Because Defendant does not demonstrate that the e-mail meets the definition of hearsay contained in Fed. R. Evid. 801(c), Defendant's argument fails. Accordingly, the Court **denies** Defendant's request to strike the FM Global documents and the Property Values Article on the basis of inadmissible hearsay.

To the extent that Defendant seeks to have these documents stricken on the ground of relevance, the undersigned finds that the District Judge is in a better position to address the relevance issue in the context of the summary judgment ruling.  The Court therefore **denies without prejudice** Defendant's argument with respect to the relevance of the FM Global Mining Form [#66-12], the FM Global Land Exclusion [#66-13], and the Property Values Article [#66-9].

**E.      Evidence of Other Insurance Claim**

Plaintiff originally filed evidence of another insurance claim [#66-17][6] in support of

its Reply [#66] to its Motion for Summary Judgment [#49].[7]  However, Plaintiff incorporated

this document in its opposition to Defendant's pending Motion for Summary Judgment

[#74].  *See Response to MSJ* [#85] at 38-39.  In the present Motion, Defendant seeks to

strike evidence of this other insurance claim [#66-17] on the basis of relevance.  *See*

*Motion* [#94] at 9-11; *Reply* [#106] at 12-14.

As noted above, to the extent that Defendant seeks to have this evidence stricken

on the ground of relevance, the undersigned finds that the District Judge is in a better

position to appropriately address that argument in the context of the summary judgment

ruling.  The Court therefore **denies without prejudice** Defendant's argument with respect

to the relevance of any other insurance claim [#66-10].

Accordingly, based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#94] is **GRANTED in part, DENIED in**

**part, and DENIED WITHOUT PREJUDICE in part**, as outlined above.

Dated:  September 26, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[6]  Although the parties discuss this argument in the context of multiple "claims," they only
point to one specific claim in the record, *i.e.*, a claim "involving a retaining wall that was made out
of both non-earth and earth material."  *Reply* [#106] at 12; *see Response* [#101] at 17 (citing to
[#66-10]).

[7]  As previously noted, the District Judge denied Plaintiff's Motion for Summary Judgment
[#49] on September 25, 2012.  *See Order* [#109].