IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. **10-cv-02900-JLK-KLM**

**CONTINENTAL MATERIALS CORPORATION,**

    Plaintiff,

v.

**AFFILIATED FM INSURANCE COMPANY,**

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 74), ACCELERATING DATE FOR SUBMITTING PROPOSED JURY INSTRUCTIONS, AND FOR AMENDED PRETRIAL ORDER**

---

**Kane, J.**

This insurance coverage dispute arose after a landslide damaged a limestone quarry owned by Plaintiff Continental Material Corporation ("Continental"). Continental seeks coverage under the "all risk" insurance policy provided by defendant Affiliated FM Insurance ("Affiliated") for a new reclamation plan; for the replacement value of unmined limestone that remains in the ground; and for business interruption costs that have accrued since the quarry was closed by the Mine Safety and Health Administration. Affiliated moves for summary judgment.

Having already addressed many of the issues raised by Affiliated in my Order Denying Continental's Motion for Partial Summary Judgment (Doc. 109) and finding them inappropriate for summary disposition, I ordered the case set for trial for two weeks

commencing February 4, 2013. I have now carefully reviewed Affiliated's Motion for Summary Judgment, and the extensive documents submitted in support and in opposition to it, and remain of the view that this case should either be settled or tried. I circumscribe my summary judgment rulings accordingly. As a matter of law and under the policy, un-mined limestone is not personal property/"raw materials" compensable at fair market replacement cost. I therefore GRANT Affiliated's Motion for Summary Judgment on Continental's claim for the replacement value of un-mined limestone at the quarry, whether that limestone was rendered inaccessible by the landslide or because of the quarry's closure by mine safety authorities. I DENY Affiliated's Motion for Summary Judgment on its remaining assertions, namely, that the quarry is an "Unnamed Location" under the policy excluded from earth movement coverage otherwise available at 7250 Allegheny Drive; that the quarry is "land" and therefore subject to the policy's "land" exclusion from coverage; and that Continental has failed to marshal sufficient facts to allow its bad faith insurance claim to survive summary judgment.

*7250 Allegheny Drive*

Affiliated's initial argument raises the specter of mistaken identity, i.e., that the Pikeview Quarry is not actually located at the 7250 Allegheny Drive address listed as a "Named Location" under the policy. Because earth movement coverage is limited to "Named Locations" rather than "Unnamed Locations" under the policy, Affiliated contends it is entitled to summary judgment. The question of whether "7250 Allegheny Drive" is or was intended to serve as the address for both the office building at that

location and the Quarry is genuinely disputed and one for the jury.  In fact, Magistrate Judge Mix denied Affiliated's motion to strike the declarations/affidavits of Joseph Sum and Ronda Larson attesting to the fact that the "7250 Allegheny Drive" address includes the 90 acre parcel of land that is the Quarry, *see* Order (Doc. 110), and the issue is inappropriate for summary disposition.

*Land Exclusion*

Next Affiliated argues that damage to the quarry is not compensable because the quarry is "land" as contemplated by the policy and defined in the dictionary and is therefore within the policy's "land exclusion."  The policy specifically excludes "[l]and, water, or any substance in or on land . . ." from the definition of covered property. Citing various dictionary definitions of "land," Affiliated argues mountainside from which the quarry was excavated and formed was land "prior to Plaintiff's mining activities" and that the "benches" that are left after that mountainside is excavated are the underlying earth and also land.  While Affiliated's argument is semantically defensible and arguable as a question of the parties' intent under the policy, the opposite is also true.  Because the land exclusion can also be read to exclude only land in its natural condition, which quarry benches and reclaimed land are not, the issue is inappropriate for summary judgment. *See Klockner Stadler Hurter Ltd. v. Insurance Co. of Pennsylvania*, 780 F. Supp. 148, 157-58 (S.D.N.Y. 1991)(finding genuine issues of material fact and ambiguities in policy exclusion for land precluded summary judgment in action for reimbursement for losses to excavated construction site damaged by landslide).

*Unmined Limestone.*

Unmined limestone, like any mining ore embedded in its natural state in the earth, does not become "personal property" of its owner until it is removed. *See Forbes v. Gracey*, 94 U.S. 762, 765-66 (1876). As I stated in my Order denying Plaintiff's Motion for Summary Judgment, the assertion that the unmined limestone at the Pikeview Quarry avoids this fate, which is a fundamental premise in American property law, because Affiliated covered certain already-extracted limestone lost at the quarry as "Stock in Process" under the policy's personal property provisions, fails as a matter of law and logic. *See* Order (Doc.109 at 4-5 & n.3). "Stock in Process" is defined in the policy as "raw materials or stock" that has "undergone any aging . . . [or] process." That mined limestone may qualify as "stock in process" under this definition does not compel the conclusion that *un*mined limestone is "raw materials." It is considerably more logical to view unmined limestone simply as "stock" that became "stock in process" once it was extracted and sat on pallets awaiting use in the making of concrete. Only "Stock in Process" is covered at replacement value under the policy. "Stock," i.e., unmined quarry rock, is not.

I decline at this time to rule on Affiliated's remaining arguments regarding the "physical damage"/closure distinction and Continental's claims for additional business interruption and reclamation coverage. To the extent Continental seeks coverage for "lost profits" related to the market value of limestone that remains in the ground, that claim clearly falls with the determination that, as a matter of law under the policy's coverage

4

provisions, unmined limestone is not personal property replaceable at market "value." Whether coverage is available to repair or stabilize the quarry or for business interruption related to those repairs are matters for another day. Deferring these issues and denying Affiliated's request for summary judgment on them is not the same as finding coverage exists. During the jury instructions process and with a gimlet eye, we may parse these questions and arrive at additional legal determinations about what will and will not be sent to the jury. It is to these final trial preparation matters that we will now jointly turn. Accordingly,

IT IS ORDERED that Affiliated's Motion for Summary Judgment (Doc. 74) is GRANTED to declare, as a matter of law, that unmined limestone is not personal property/"raw materials" under the policy and is not covered at replacement value. The Motion is DENIED with regard to the 7250 Allegheny Drive "Unnamed Location" issue and the assertion that the quarry is "land" excluded from coverage entirely. Other legal determinations are DEFERRED for further consideration during the trial preparation process and Affiliated's Motion for Summary Judgment as to them is DENIED.

Given the complexity of the coverage issues presented and the premium I place on the development and finalization of jury instructions before trial, it is FURTHER ORDERED that the date for the submission of a first set of jointly proposed jury instructions, with objections and counter-proposals, is accelerated from 30 days before the January 24, 2013 Final Trial Preparation Conference (December 24, 2012) to **December 14, 2012.** Should the parties desire a further status conference before that

date, they should confer and call in jointly to chambers to schedule one. FINALLY, counsel are directed to confer and submit an updated, AMENDED PRETRIAL ORDER. The Amended Pretrial Order is due **on or before December 14, 2012.**

Dated November 7, 2012.

                                                       **s/John L. Kane**
                                                       SENIOR U.S. DISTRICT JUDGE