IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. **10-cv-02900-JLK-KLM**

**CONTINENTAL MATERIALS CORPORATION,**

 Plaintiff,

v.

**AFFILIATED FM INSURANCE COMPANY,**

 Defendant.

## ORDER DENYING MOTION TO ALTER AMEND SUMMARY JUDGMENT RULING ON BAD FAITH CLAIM

**Kane, J.**

 This insurance coverage dispute is before me on Defendant Affiliated's Motion to Alter or Amend the recent summary judgment Order I entered (Doc. 113) denying, among other things, Affiliated's request for summary judgment on Continental's claim for bad faith. Affiliated asserts that my "rul[ing]" on page 3 of the Order that Affiliated's interpretation of the policy's land exclusion was "'defensive and arguable'" should be dispositive of the bad faith claim, and asks that I revisit the issue and grant its Motion accordingly. After first reassuring myself that the word used in the Order was "defensible," not "defensive" (a spell-check error on the part of Affiliated in its new Motion, I presume), I have considered the Motion to Amend fully and DENY it.

 I construe Affiliated's Motion as a Motion for Reconsideration. What I actually said in my Order on Summary Judgment was that Affiliated's interpretation of the

policy's land exclusion was "semantically defensible and arguable as a question of the parties' intent under the policy," and that "the opposite is also true." *See id.* While this assertion could support the summary disposition of a bad faith claim, particularly under California cases cited by Affiliated (*see* Motion (Doc. 115) at pp. 5-6), I remain of the view that such a ruling is premature in this case. Much of the back and forth between insurer and insured in the aftermath of the landslide is murky on the record I have reviewed, as is the question of the parties' intent to cover the quarry itself. Moreover, Continental's coverage requests changed significantly over time, as did Affiliated's efforts to accommodate them. While I agree Continental faces hurdles in marshaling testimony and evidence that would support the submission of their bad faith claim to a jury, I am not prepared to categorically preclude the claim now. It may be that the issue will be revisited in the context of finalizing jury instructions, and it most certainly will be revisited on a Rule 50 motion after Continental's case in chief.

      The Motion to Alter or Amend (i.e., for Reconsideration) is DENIED. No response from Continental is necessary.

Dated November 19, 2012.

                                                **s/John L. Kane**
                                                SENIOR U.S. DISTRICT JUDGE